By the Court.
 

 A general demurrer to the original petition was sustained in 137 Ohio St., 602, 32 N. E. (2d), 13.
 

 In his amended petition, relator seeks a writ to restore him “to his employment as plumbing inspector and to his position as registrar of vital statistics.”
 

 As we pointed out in passing upon the demurrer to the original petition, there is no statutory office or position under a local board of health known as “plumbing inspector” or “inspector of plumbing.”
 

 The office of local registrar of vital statistics is created by Section 201, General Code, which provides, in part: “ * * * and in cities the city board of health shall appoint a local registrar of vital statistics, and each shall be subject to the rules and regulations of the state registrar, the provisions of this chapter and to the penalties provided by law.”
 

 It is now clear from the amended petition that (a) respondents compose the board of health of a city health district whose employees are appointed pur
 
 *252
 
 suant to Section 4408, General Code, and not by virtue of Section 1261-22, General Code, and (b) relator now claims no civil service status. Section 1261-22, General Code, provides for certain employees of a district board of health which is a part of a general health district. As the board of health in the instant case is not a part of a general health district, Section 1261-22 has no application.
 

 Section 4408, General Code, provides: “In any city health district, the board of health or person or persons performing the duties of a board of health shall appoint for whole or part time service a health commissioner and
 
 may appoint
 
 such public health nurses, clerks, physicians and other persons
 
 as they deem
 
 necessary.”
 

 Section 4411-1, General Code, provides: ‘ ‘ The board shall determine the duties and fix the salaries of its employees ,• but no member of the board of health shall be appointed as health officer or ward physician.”
 

 It will be apparent upon reading Section 4408,
 
 supra,
 
 that the board of health of a city health district is
 
 authorised,
 
 but not required to appoint anyone in addition to a whole or part time health commissioner.
 

 It will also be apparent from reading Section 4411-1,
 
 supra,
 
 that the respondents, as the board of health of a city health district which is no part of a general health district, have the power to determine the duties of all employees.
 

 The appointment of relator, the fixing of his duties, and his term of office being matters of discretion resting with respondents, there is no clear legal duty resting upon respondents to make such appointment or to continue relator’s employment.
 

 Under Section 201,
 
 supra,
 
 there is a duty resting upon respondents to appoint
 
 a
 
 local registrar of vital statistics. However, there is no term of office provided therefor, and there being no claim of a-civil service status, there is no clear legal duty resting upon re
 
 *253
 
 spondents to retain or reappoint relator to such office.
 

 Furthermore, whether the duties referred to by relator as those of plumbing inspector and the duties of local registrar of vital statistics shall be combined and discharged by one and the same person, is a matter of discretion resting with the appointing power.
 

 The demurrer to the amended petition will be sustained and the cause dismissed.
 

 Demurrer sustained and final judgment for respondents.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.